### Wood & Roane vs. Thompson Wood.

F. P. Stubbs, J., *ad hoc.* Defendant has no right to attack the title of plaintiffs to the notes sued on, which are payable to bearer, unless he allege and show defenses against the true owner. 19 An. 182; 27 An. 642.

Where defendant owed two outstanding mortgage notes, and plaintiffs, at his request, took up said notes and extended the time of payment in consideration of fifteen per cent. on the amount paid therefor, held: Such a contract is not usurious, it being well settled that extension of time on a matured obligation is a good consideration for a new note. 26 An. 33; 27 An. 538.

---

### J. W. Smith vs. Merchants' Mutual Insurance Co., et al.

Gunby, J. Where plaintiff in injunction swears " to the best of his knowledge," the affidavit is not invalidated by the omission of the words " and belief." 5 An. 558; 13 An. 88. There are no sacramental words in our system of practice.

2. Where there is a final judgment, neither the authority to compromise it nor the compromise itself, need be in writing, C. C. 2997; 21 An. 477. Art. 3071, C. C., relates to the settlement of a pending litigation or the prevention of an anticipated suit.

3. But the authority to compromise must be express and special, i. e., given to a particular person for that particular purpose.

4. The original judgment creditor authorized his attorney to compromise the judgment at his discretion—but he subsequently, to the knowledge of his attorney and the debtor, transferred the judgment; held: No compromise made after the transfer is binding on the transferree, nor will a payment made by the debtor to the attorney for the purpose of compromise be credited on the judgment. 6 An.

5. Where plaintiff in injunction is partially successful, no damages will be allowed on dissolution of the injunction.